Dear Warden Cain:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. You have asked for our opinion as to whether the Louisiana State Penitentiary can enter into a professional or consulting services contract with a professional rodeo services company to handle all aspects of the Angola Rodeo. Under the proposed contract, the professional rodeo services company would provide livestock and other rodeo services necessary to operate the Angola Rodeo.
Your request indicates that the Angola Rodeo is held over a period of six (6) or seven (7) days in the months of April and October and has grown from approximately 1000 spectators per event to 10,000 — 12,000 spectators per event. You indicate that the safety of rodeo participants is based on the skills of professional cowboys (ropers) and professional stock which are accustomed to the large crowds at these events.
You believe it is impractical to use a competitive sealed bidding process in order to procure the sought-after supplies and services. You indicate that it is almost impossible to specify the quality of trained bulls, horses, and other stock. According to your request, untrained stock is more prone to injury in the chutes and is more prone to injure the participants. An injury suffered by a participant is oftentimes traumatic to the public and has a serious detrimental effect on the viability of the Angola Rodeo. As such, you believe a competitive sealed bid process is unworkable and seek our advice on what procurements methods are available to you.
The Louisiana State Penitentiary falls under the jurisdiction of the Louisiana Department of Public Safety and Corrections. As a state agency, the Louisiana Department of Public Safety and Corrections must follow Title 39 of the Louisiana Revised Statutes when securing service contracts and when procuring equipment and supplies. *Page 2 
Chapter 16 of Title 39, "Professional, Personal, Consulting, and Social Services Procurement," applies to every expenditure of public funds in excess of two thousand dollars by the executive branch of this state for professional, personal, consulting, and social services procurement. See La.Rev.Stat. 39:1482. Chapter 17 of Title 39, "Louisiana Procurement Code," applies to every expenditure of public funds by the State under any contract for supplies and services not executed as a professional, personal, consulting, and social services contract and subject to certain other exceptions. See La.Rev.Stat. 39:1554. Accordingly, if the contract in question fails to qualify as either a professional services, personal services, consulting services, or social services contract, Chapter 17, "Louisiana Procurement Code" would apply.
La.Rev.Stat. 39:1484 defines consulting service as "work, other than professional, personal, or social service, rendered by either individuals or firms who possess specialized knowledge, experience, and expertise to investigate assigned problems or projects and to provide counsel, review, design, development, analysis, or advice in formulating or implementing programs or services, or improvements in programs or services, including but not limited to such areas as management, personnel, finance, accounting, planning, data processing, and advertising contracts, except for printing associated therewith."
La.Rev.Stat. 39:1484 defines professional service as "work rendered by an independent contractor who has a professed knowledge of some department of learning or science used by its practical application to the affairs of others or in the practice of an art founded on it, which independent contractor shall include but not be limited to lawyers, doctors, dentists, psychologists, certified advanced practice nurses, veterinarians, architects, engineers, land surveyors, landscape architects, accountants, actuaries, and claims adjusters. A profession is a vocation founded upon prolonged and specialized intellectual training which enables a particular service to be rendered. The word `professional' implies professed attainments in special knowledge as distinguished from mere skill. For contracts with a total amount of compensation of fifty thousand dollars or more, the definition of `professional service' shall be limited to lawyers, doctors, dentists, psychologists, certified advanced practice nurses, veterinarians, architects, engineers, land surveyors, landscape architects, accountants, actuaries, claims adjusters, and any other profession that may be added by regulations adopted by the office of contractual review of the division of administration."
In our view, a contract for rodeo services would not qualify as a consulting services contract. Pursuant to the specific language of La. Rev, Stat. 39:1484, a consulting services contract calls for specialized knowledge, experience, and expertise to investigate assigned problems or projects and to provide counsel, review, design, development, analysis, or advice in formulating or implementing programs or services. In our view, providing professional rodeo services does not fall within the definition of consulting services. The anticipated contract does not call for any type of investigation, development, analysis, or advice. *Page 3 
Similarly, we do not believe a contract for rodeo services would be considered a professional services contract. La.Rev.Stat. 39:1494 requires that the profession be founded upon prolonged and specialized intellectual training which enables a particular service to be rendered. Further, pursuant to statute, the word professional implies professed attainments in special knowledge as distinguished from mere skill. These contracts are generally reserved to recognized professionals such as doctors, lawyers, etc. We do not believe the proposed contract involves a profession founded upon prolonged and specialized intellectual training. Rather, the contract would require individuals with specialized skill. As such, we do not believe the proposed contract for rodeo services would be considered a contract for professional services.
The contract for rodeo services appears to be one that requires competitive bidding pursuant to La.Rev.Stat. 39:1593 which provides the following with respect to state contracts:
 § 1593. Methods of source selection
 A. Unless otherwise authorized by law, all state contracts shall be awarded by competitive sealed bidding, pursuant to R.S. 39:1594, except as provided in R.S. 39:1593.1 and R.S. 39:1595 through 1598.
 B. Notwithstanding any other provisions of this Section to the contrary and in accordance with rules and regulations promulgated by the commissioner in accordance with the Administrative Procedure Act, the directors of state purchasing or directors of purchasing at a college or university, with the approval of the commissioner, may procure by solicitation requiring written response from at least three bona fide bidders under the provisions of this Subsection, when it is determined that market conditions are unstable and the competitive bid process is not conducive for best pricing for products, supplies and other materials. The provisions of this Subsection shall be applicable only if the value of the contract is fifty thousand dollars or less and only after sufficient documentation is provided to the commissioner by the director to substantiate the unstable market.
 C. (1) Notwithstanding any other provision of this Section to the contrary, with the approval of the commissioner and the written determination by the director of state purchasing that the best interests of the state would be served, a competitive request for proposals process as provided in this Subsection may be used in the following circumstances:
 (a) For the procurement of supplies, services, or major repairs, including but not limited to the procurement of high technology acquisitions or of complex services. *Page 4 
 * * *
Pursuant to La.Rev.Stat. 39:1593(A), we are of the opinion that the proposed rodeo services contract must be awarded by competitive sealed bids. Alternatively, the contract may be awarded via requests for proposals pursuant to La.R.S. 39:1593(C) with the approval of the Division of Administration.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
Yours very truly,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: __________________________ MICHAEL J. VALLAN Assistant Attorney General
JDC/MJV/crt